IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CAPITAL RISK MANAGEMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED HEALTHCARE )<br>MANAGEMENT CORPORATION, )<br>etc.; and MILLENNIUM )<br>BUSINESS ASSOCIATION OF )<br>AMERICA, INC., etc., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:05cv1104-MHT<br>(WO) |

OPINION AND ORDER

On July 27, 2006, the clerk of the court entered a default against defendant Millennium Business Association in response to plaintiff Capital Risk Management, Inc.'s application for an entry of default. Capitol Risk subsequently filed a motion requesting a hearing on damages. Capitol Risk's motion is premature.

"[D]efault under Rule 55 [of the Federal Rules of Civil Procedure] encompasses two steps: the entry of default and the subsequent entry of a default judgment."

10 Moore's Federal Practice § 55.10[1] (3d ed. 2006). Entry of default by the clerk under Fed.R.Civ.P. 55(a) "is largely a procedural formality. It is a mandatory prerequisite to the issuance of a default judgment." Id. at § 55.12[3][a]. Therefore, following the entry of default, the party seeking entry of default judgment for an uncertain sum must apply to the court for an entry of default judgment under Fed.R.Civ.P. 55(b). Id. at § 55.20[2][a]. Because Capitol Risk has completed only step one of the two-step default process, the court cannot set the matter for a hearing on damages until after Capitol Risk finishes step two, that is, until it has moved for and received a default judgment.

Accordingly, it is ORDERED that plaintiff Capital Risk Management, Inc.'s motion for hearing (Doc. No. 11) is denied as premature.

DONE, this the 17th day of August, 2006.

   /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE